**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-02104-NRN

SATCOM SOLUTION AND RESOURCES LLC,

      Plaintiff,

v.

FRED POPE, *et al.*,

      Defendants.

_____

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
_____

Defendants Fred Pope, Satcom Resources LLC ("Satcom Resources"), and 6Sole Inc. ("6Sole") (collectively, "Defendants") submit this Motion to Dismiss the Complaint filed by Plaintiff Satcom Solution and Resources LLC ("Satcom Solution"). Defendants move to dismiss each of Plaintiff's claims for relief against each of the Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth specifically herein.

**CERTIFICATE OF CONFERRAL**

Undersigned has conferred with Plaintiff's counsel regarding this motion, and Plaintiff opposes the relief sought herein and has elected not to dismiss voluntarily any of its claims or to file an amended Complaint responding to the identified issues.

**ARGUMENTS AND AUTHORITIES**

**I.      Legal Standard**

Defendants seek dismissal of Plaintiff's claims against them for failure to state a claim under Fed. R. Civ. P. 12(b)(6), among other grounds. "In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and

view those allegations in the light most favorable to the nonmoving party." L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc., 863 F. Supp. 2d 1066, 1075 (D. Colo. 2012). To avoid dismissal, the Complaint must meet the standard of "facial plausibility." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To meet this standard, the allegations must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. (quoting Khalik v. United Air Lines, 671 F.3d 1188 (10th Cir. 2012)). Once the complaint has been winnowed down to sufficiently specific, non-conclusory factual allegations, the Court, treating those allegations as true, proceeds to examine whether, under the controlling law, those facts are sufficient to state a claim. Id.

## II. Plaintiff's Defend Trade Secrets Act and Colorado Uniform Trade Secrets Act claims should be dismissed for failure to state a claim.

Plaintiff's first and fourth causes of action assert claims under the Defend Trade Secrets Act ("DTSA")[1] and Colorado Uniform Trade Secrets Act ("CUTSA")[2] against each Defendant. Plaintiff fails to state a claim against Satcom Resources and 6Sole under the DTSA and CUTSA because each of Plaintiff's specific allegations of misconduct (other than those that are formulaic recitations of a cause of action under the DTSA and CUTSA) pertain only to Defendant Pope. Plaintiff has not pleaded any facts showing how Satcom Resources or 6Sole have allegedly "misappropriated" Plaintiff's allegedly trade secret client lists and information, as that term is defined under the DTSA or CUTSA. See 18 U.S.C. § 1839(5); Colo. Rev. Stat. § 7-74-102(2);

---

[1] A plaintiff asserting a claim for misappropriation of trade secrets under the DTSA must "establish: (1) the existence of a trade secret that relates to a product or service used in, or intended for use in, interstate or foreign commerce; (2) the acquisition of the trade secret, or the use or disclosure of the trade secret without consent; and (3) the person acquiring, using, or disclosing the trade secret knew or had reason to know that the trade secret was acquired by improper means." Loenbro Inspection, LLC v. Sommerfield, No. 18-CV-01943-PAB, 2018 WL 3659396, at *2 (D. Colo. Aug. 2, 2018).

[2] Similarly, a plaintiff asserting a claim for misappropriation of trade secrets under the CUTSA must allege facts supporting the following elements: (1) plaintiff possessed a valid trade secret; (2) the trade secret was disclosed or used without consent; and (3) defendants knew, or should have known, that the trade secret was acquired by improper means. RE/MAX, LLC v. Quicken Loans Inc., 295 F. Supp. 3d 1163, 1173 (D. Colo. 2018).

2

see also Ciena Commc'ns, Inc. v. Nachazel, No. 09-CV-02845-MSK-MJW, 2010 WL 3489915, at *4 (D. Colo. Aug. 31, 2010) (allegations regarding Defendant's "actual acquisition or use of [plaintiff's] trade secrets [were] brief and entirely conclusory").

Plaintiff's DTSA and CUTSA claims against Pope fail to plausibly plead claims for relief. First, Plaintiff's allegations that Pope misappropriated its trade secrets are conclusory. Plaintiff claims that Pope "gained access to client lists and Magnetico source code" and then "utilized" this information "without Plaintiff's consent to solicit business to close commercial transactions and profit monetarily." Compl. ¶¶ 45, 80. See Re/MAX LLC, 295 F. Supp. 3d at 1175-76 (finding allegation that company "used Quicken Loans' confidential information (including trade secrets) to launch its operations" too conclusory to support claim).

Second, Plaintiff also seems to be confused about what information it actually claims as its trade secret information as it pertains to the alleged "source code" allegedly misappropriated by Defendants. On the one hand, Plaintiff alleges that while Pope was employed by Plaintiff, he created an inventory management system called "Magnetico." Compl. ¶ 24 (emphasis added). On the other hand, Plaintiff alleges that Pope developed another database called "Magneteco," which he registered to 6Sole and saved the source code on Plaintiff's servers. Id. ¶ 26. Thus, according to Plaintiff's Complaint, there are two different databases—one called Magnetico (spelled with an "I"), which Pope allegedly created for Plaintiff, and one called Magneteco (spelled with an "E"), an allegedly separate inventory management system that Pope created. Plaintiff claims that the "specialized inventory management software" called Magnetico is Plaintiff's trade secret, but does not claim that the other database—Magneteco—is a trade secret belonging to Plaintiff. Comp. ¶¶ 36(b), 39-42, 74-77. Thus, Plaintiff's pleading is flawed. Plaintiff also alleges that Pope downloaded Magneteco (whatever "downloaded" means) from

3

Plaintiff's servers, but does not allege that Magneteco is Plaintiff's trade secret information. Plaintiff alleges only that Magnetico is its trade secret information, but does not allege that Pope misappropriated Magnetico. Therefore, Plaintiff's claims for misappropriation of its trade secret database called Magnetico must be dismissed for failure to state a claim because Plaintiff does not claim that Pope misappropriated Magnetico, as that term is defined by the DTSA or CUTSA.

## III.   Plaintiff's SCA claim must be dismissed for failure to state a claim.

Plaintiff's Stored Communications Act ("SCA") claim should be dismissed because Plaintiff has provided no factual allegations to support this claim. "Formulaic recitations of the elements of a cause of action do not suffice to state a claim." Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz, No. 12-CV-00463-CMA-BNB, 2013 WL 212640, at *8 (D. Colo. Jan. 18, 2013)(citing Iqbal, 556 U.S. at 678–79). Further, allowing Plaintiff to amend this cause of action would be futile.[3] The SCA does not apply to the information in question. Plaintiff claims "the data contained in Plaintiff's customer accounts are 'electronic communications' within the meaning of" the SCA. Compl. ¶ 54. However, "[g]enerally, the [SCA] prevents 'providers' of communications services from divulging private communications to certain entities and/or individuals." K.F. Jacobsen & Co. v. Gaylor, 947 F. Supp. 2d 1120, 1124 (D. Or. 2013) (quoting Quon v. Arch Wireless Operating Co., Inc., 529 F.3d 892, 900 (9th Cir. 2008)). The SCA "gives network account holders statutory privacy rights against access to stored information held by ISPs." Id. (quoting In re United States, 665 F. Supp. 2d 1210, 1213 (D.Or. 2009)). The SCA simply does not cover the type of conduct alleged here—an employee/former employee

---

[3] The SCA is violated when a person: (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system. 18 U.S.C. § 2701(a). A cause of action for violation of 18 U.S.C. § 2701(a) may be brought by "any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind." 18 U.S.C. § 2707(a).

accessing his employer's customer accounts stored on a computer.

Further, personal computers are not "electronic communication service" providers for purposes of the SCA. Gaylor, 947 F. Supp. 2d at 1126 (citing In re Pharmatrak, Inc. Privacy Litigation, 220 F.Supp.2d 4, 6–7 (D. Mass. 2002), where the court recognized that while personal computers may be used to access the internet, "that is not enough for the purposes of the [SCA]. The relevant 'service' is Internet access, and the service is provided through ISPs or other servers, not through Plaintiffs' PCs."). An "electronic communications system" is defined as "any wire, radio, electromagnetic, photooptical or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications," and Plaintiff has not alleged—and will not be able to show—that Defendant Pope intentionally accessed or intentionally exceeded access to "a facility through which an electronic communication service is provided." 18 U.S.C. §§ 2510(14), 2701(a), and 2711.

Second, as a matter of law, Plaintiff also has not alleged—and will not be able to show—that Defendant Pope "obtain[ed], alter[ed], or prevent[ed] authorized access to a wire or electronic communication while it is in electronic storage"[4] in a facility through which an electronic communication service is provided. 18 U.S.C. § 2701(a). The SCA simply does not apply here. Third, other than the formulaic statement that Plaintiff has been injured by Defendants, Plaintiff has not alleged how Defendants' actions have actually harmed Plaintiff or caused it any damage. Therefore, Plaintiff's SCA claim should be dismissed on this basis as well.

## IV.     Plaintiff's computer fraud claim should be dismissed for failure to state a claim.

Like Plaintiff's claim under the SCA, Plaintiff's claim under the Computer Fraud and

---

[4] The SCA defines "electronic storage" as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17).

Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, should be dismissed because this cause of action merely cites to the CFAA and recites the elements of a claim under that statute.[5] See Mentz, 2013 WL 212640, at *10 (CFAA claim "fail[ed] to comply with federal pleading standards because they simply recite the elements of a claim without any supporting factual allegations").

Further, Plaintiff's claim under the CFAA fails on its face because Plaintiff cannot show that Pope's access was "either unauthorized or beyond the scope of access for which" he was authorized. Specifically, paragraph 32 of the Complaint states that "[o]n or around May 22, 2019, . . . Pope was informed that he was being terminated." Then, paragraph 33 states "[i]mmediately following the meeting, Pope, using the administration credentials for Plaintiff's computer system, accessed Plaintiff's proprietary database and downloaded Plaintiff's master customer list." These allegations certainly do not establish that Pope exceeded the scope of his access to the system; the Complaint specifically states Pope had administrator credentials.

The Complaint also fails to plausibly establish that Pope's alleged access was unauthorized or beyond the scope of his permitted access at the time he allegedly downloaded the customer lists. The Complaint does not state Pope's employment had actually terminated at the time he allegedly accessed the computer system and downloaded the lists; the Complaint alleges only that Pope was "being terminated" before he allegedly downloaded the lists. Compl. ¶¶ 32-33. Further, even if Pope's employment had terminated before he accessed the customer lists, it is clear that Pope had not been escorted out, his credentials to log into Plaintiff's computer system had not been revoked, and there is no allegation that Pope had been instructed

---

[5] The elements of a civil claim premised on § 1030(a)(4) are: (i) the defendant accessed a protected computer, (ii) the access was either unauthorized or beyond the scope of access for which the person was authorized, (iii) the defendant accessed the computer with an intent to defraud and in furtherance of a scheme to defraud, and (iv) the defendant "obtained anything of value" as a result. Triad Consultants, Inc. v. Wiggins, 249 F. App'x 38, 40 (10th Cir. 2007). In addition, § 1030(g) imposes an additional element before civil liability may lie—that the defendant "suffers damage or loss by reason of a violation of this section."

6

CORE/3517399.0002/154513597.1

not to use Plaintiff's computer systems at the time he allegedly downloaded the customer lists.

Plaintiff's claim under the CFAA also fails to satisfy the § 1030(g) damages requirement. The CFAA defines damage as "any impairment to the integrity or availability of data, a program, a system or information." 18 U.S.C. § 1030(e)(8). "This language does not encompass any harm resulting from the disclosure to a competitor of trade secrets or other confidential information." Sun W. Mortg. Co., Inc. v. Matos Flores, No. CV 15-1082 (GAG), 2016 WL 1030074, at *4 (D.P.R. Mar. 10, 2016). "Courts have interpreted this to include 'the destruction, corruption, or deletion of electronic files, the physical destruction of a hard drive, or any diminution in the completeness or usability of the data on a computer system.'" Id. (citing New South Equip. Mats, LLC v. Keener, 989 F. Supp. 2d 522, 529 (S.D. Miss. 2013) (mere copying of electronic information not enough to satisfy the CFAA's damage requirement)). Thus, based on Plaintiff's allegation that Defendant Pope simply "accessed" and "obtained information from" Plaintiff's computers, Plaintiff has not—and cannot—allege damage under the CFAA. See Mentz, 2013 WL 212640, at *10 (dismissing claim for failure to allege a "loss" under the CFAA).

## V.    Plaintiff's claims for theft of trade secrets, violation of C.R.S. § 18-4-408, and recovery of stolen property pursuant to C.R.S. § 18-4-405 must be dismissed.

Plaintiff's theft of trade secrets, violation of C.R.S. § 18-4-408, and recovery of stolen property pursuant to C.R.S. § 18-4-405 claims against all Defendants fail for several reasons. First, Plaintiff provided no factual allegations to support these claims, merely citing to these statutes and generally reciting some of the elements of claims under these two statutes. See Mentz, 2013 WL 212640, at *8 (dismissing C.R.S. § 18-4-405 claim for failing to provide factual allegations to support its claim).[6]

---

[6] Further, a property owner may bring a C.R.S. § 18-4-405 claim only against the "taker" of the property and "any person in whose possession he finds the property." Although the Complaint alleges that Pope took the property in question, Plaintiff does not allege who currently possesses that property. So, even if the allegations against the

Second, CUTSA preempts Plaintiff's claim under C.R.S. § 18-4-405. Section 18-4-405, which is sometimes referred to as the "civil theft statute," provides a claim for civil damages where a defendant has obtained the plaintiff's property by theft. However, "CUTSA broadly preempts other laws providing civil remedies for misappropriation of a trade secret." Cypress Advisors, Inc. v. Davis, No. 16-CV-01935-MSK-MEH, 2019 WL 1242331, at *4 (D. Colo. Mar. 18, 2019)(citing C.R.S. § 7-74-108(1)). Because Plaintiff unambiguously alleges the materials Defendants took were trade secrets (see Compl. ¶¶ 89-91), CUTSA preempts this civil theft claim. See Cypress Advisors, 2019 WL 1242331, at *4 (CUTSA preempts claims under Colorado's civil theft statute premised on the theft of a trade secret).

## VI.    Plaintiff's fraud/intentional misrepresentation claim must be dismissed.

Plaintiff's fraud/intentional misrepresentation claims against Pope and Satcom Resources must be dismissed for several reasons. First, Plaintiff's claims fail to meet the specificity requirement of Fed. R. Civ. P. 9(b).[7] "A claim for intentional misrepresentation is subject to the same heightened pleading standard as that for fraud." Beckley, 2016 WL 374485, at *5. A plaintiff must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." Id. (dismissing plaintiff's intentional misrepresentation claims for "lack of specificity regarding the time, date, place, and circumstances"). Plaintiff's allegations do not specify who allegedly made the fraudulent statements or when specifically they were made. See Compl., ¶¶ 93-103. Thus, Plaintiff has not included the required level of specificity in its claims against Defendants.

---

Defendants other than Pope were more than conclusory, this claim against the other Defendants would still fail because the Complaint does not allege they took the property or that they currently possess it.

[7] The elements of a claim for intentional misrepresentation are 1) a misrepresentation; 2) of material facts; 3) that are false; 4) made with knowledge of the falsity or with indifference to its truth or falsity; 5) and the party claiming fraud relied on the representation; 6) had a right to rely on it; 7) acted in accordance with the reliance; and 8) suffered damages. Beckley v. Skarupa, No. 15-CV-0766-WYD-MEH, 2016 WL 374485, at *5 (D. Colo. Feb. 1, 2016).

8

Additionally, this claim should be dismissed because the alleged "misrepresentations" are inconsistent with the terms of the Asset Purchase Agreement ("APA"). First, the APA contains an integration clause and a specific disclaimer of reliance on any representations or warranties not contained in the APA. See Compl., Ex. A, APA at § 9(i) (integration clause), § 5(f) (disclaimer). "Integration clauses generally permit contracting parties to limit future contractual disputes to issues relating to the reciprocal obligations expressly set forth in the executed document." Steak n Shake Enterprises, Inc. v. Globex Co., LLC, 110 F. Supp. 3d 1057, 1082 (D. Colo. 2015), aff'd, 659 F. App'x 506 (10th Cir. 2016). "Where the integration clause contains the requisite specific language, it is sufficient to preempt a misrepresentation claim as a matter of law." Id. Here, the integration clause states that the APA and its exhibits and schedules "constitute the entire agreement between the Parties with respect to the Transactions and supersedes all prior agreements and understandings." Compl., Ex. A, APA at § 9(i). In Section 5(f) of the APA, Plaintiff specifically disclaimed reliance on any representations and warranties not contained in the APA. Id. § 5(f).[8] Plaintiff makes the following claims of misrepresentation, which are barred by the APA's integration and disclaimer clauses: (1) Plaintiff would obtain "[c]omplete financial control of Satcom Resources" (Compl. ¶¶ 94, 97);[9] (2) Plaintiff would have "[t]he ability to merge Satcom Resources' customer base and logistics, synergistically, into

---

[8] This Section of the APA states that Plaintiff had "conducted an independent investigation" and "in making its determination to proceed with the Transactions," Plaintiff "has relied solely on the results of such investigation and the representations and warranties of [Satcom Solution] set forth herein" and that the representations and warranties in Section 4 "constitute the sole and exclusive representations and warranties of [Satcom Resources] to [Satcom Solution] in connection with the Transactions, and [Satcom Solution] acknowledges and agrees [Satcom Resources] is not making any representation or warranty whatsoever, express or implied, beyond those expressly given in this Agreement."

[9] Further, the parties executed only an *asset purchase* agreement, so while it may have been reasonable for Plaintiff to believe it would obtain certain of Satcom Resources' assets as memorialized in the APA, any belief of "complete financial control" of Satcom Resources was unreasonable, particularly given Plaintiff's allegation that the APA would result in the creation of a new entity—Satcom Solution.

Primrose's family of companies" (Id.);[10] (3) Plaintiff expected to receive "[c]ontinuity of key employees and operations" (Id.);[11] (4) Plaintiff would obtain "[r]eturn on investment, specifically '2x liquidation preference and first pay-back on any debt lent" and that Plaintiff "would be posed to earn 'close to $25,000,000 per year' and would be 'widely profitable with 16% margins'" (Id.);[12] and (5) introduction into new vertical markets and expansion to a quick-paying customer base (Id.).

Plaintiff's claim that Defendants Pope and Satcom Resources misrepresented the assets that would pass to Plaintiff as part of the asset sale, as well as the value of the assets, must also be dismissed as contrary to the terms of the APA. Compl. ¶¶ 95-96. The particular assets transferred under the APA are set forth in the APA in Schedule 1(a)(i). Thus, to the extent these alleged representations are contrary to or inconsistent with the terms of the jointly negotiated and executed APA, it would not be reasonable for Plaintiff to rely on any such alleged representations. To the extent these representations are consistent with the APA, this claim sounds in contract, not in tort, and is precluded. See Hamon Contractors, 229 P.3d at 289

---

[10] It was also unreasonable for Plaintiff to rely on a representation of future performance. See Rohr v. Allstate Fin. Servs., 529 F. App'x 936, 942 (10th Cir. 2013)("A misrepresentation of intended future performance is not a presently existing fact upon which a claim for fraud can be based unless a plaintiff can prove that the representor, at the time of the representation, did not intend to perform the promise and made the representation for the purpose of deceiving the promisee.").

[11] This statement is also inconsistent with the actual terms of the APA. See Compl., Ex. A, APA at § 2(b)( Except as otherwise mutually agreed in writing by Buyer and Seller, the Employees, other than Frederick CB Pope, who shall remain employed by Seller for ninety (90) days, shall be terminated by Seller as of the Closing."). Thus, expecting employee continuity is inconsistent with the statement in the APA that Plaintiff would terminate all other employees as of APA closing date. Further, Exhibit F to the APA defines the term "key employee" to refer only to Spencer Ball and further states that Plaintiff agreed "to enter into a commercially reasonable employment agreement with" the "Key Employee." Compl., Ex. A, APA Ex. F, Employment & Management Term Sheet at § 1(b). Thus, to the extent that Plaintiff claims it has not been able to enter into an employment agreement with "Key Employee" Spencer Ball, that claim sounds in breach of contract, not in tort. Therefore, this portion of the claim must be dismissed. See Hamon Contractors, Inc. v. Carter & Burgess, Inc., 229 P.3d 282, 289 (Colo. App. 2009), as modified on denial of reh'g (June 11, 2009)(claim barred by the economic loss rule where "the alleged fraud arises from duties implicated by a party's performance of contractual terms.").

[12] Additionally, "representations of value 'do not ordinarily constitute fraud' even if they later turn out to be wrong because they are usually regarded as 'mere expressions of opinion involving matters of judgment and estimation as to which men may differ.'" Rohr., 529 F. App'x at 942. Further, Plaintiff has not alleged that these statements are actually false.

(economic loss rule). Further, this claim is barred by the disclaimer clause in Section 5(f) of the APA, which language clearly indicates that it was not reasonable for Plaintiff to rely on any alleged representations or claimed "warranties" that were not contained in the APA.

Plaintiff's claim that "Pope and Satcom Resources also warranted that as of the closing date, Satcom Resources would fulfill $415,801.77 worth of pending obligations" is precluded by Section 5(f) of the APA.  Compl. ¶ 95. Again, Section 5(f) undercuts any allegation that Plaintiff reasonably relied on any alleged representations inconsistent with the APA. Moreover, this claim is barred by the economic loss rule because "the alleged fraud arises from duties implicated by a party's performance of contractual terms." <u>Hamon Contractors, Inc.</u>, 229 P.3d at 289.

Plaintiff also claims that "Pope and Satcom Resources wrongfully withheld $87,862.90 in payments improperly sent to Pope as opposed to Plaintiff." Compl. ¶ 96. First, it is not clear how this allegation supports a claim for fraud/intentional misrepresentation. Nevertheless, such a claim clearly sounds in breach of contract, not tort, and should be dismissed. <u>See</u> <u>Harmon Contractors</u>, 229 P.3d at 289.

## VII.    Plaintiff's breach of fiduciary duty claim against Pope must be dismissed for failure to state a claim.

Plaintiff claims that Defendant Pope breached fiduciary duties allegedly owed to Plaintiff by: (1) using company assets to create Magneteco, a competing e-commerce mechanism; (2) using Plaintiff's confidential and proprietary information to enrich himself; (3) appropriating Plaintiff's proprietary computer code;[13] and (4) unlawfully downloading Plaintiff's client information and e-distribution lists. Compl. ¶ 106. First, Plaintiff's breach of fiduciary duty claim against Pope must be dismissed to the extent the claim is based on Pope's post-termination

---

[13] Further, as explained above in the discussion of Plaintiff's misappropriation of trade secrets claims, Plaintiff does not allege that Pope misappropriated its "Magnetico" source code; rather, the Complaint alleges that Pope "downloaded" and used the computer source code he created called "Magneteco," which Plaintiff apparently alleges is something different than Magnetico.

CORE/3517399.0002/154513597.1

conduct.[14] Plaintiff must prove that Pope was acting as a fiduciary of Plaintiff when he committed the alleged breaches; however, once Pope's employment was terminated by Plaintiff, Pope no longer owed any fiduciary duties to Plaintiff. Thus, to the extent Plaintiff alleges that Pope used Plaintiff's confidential and proprietary information to enrich himself after Plaintiff terminated his employment, Plaintiff no longer has a claim for breach of fiduciary duty because Pope no longer owed fiduciary duties to Plaintiff. Similarly, Plaintiff suggests in paragraphs 32-33 of the Complaint that Pope downloaded Plaintiff's customer lists *after* his employment was terminated. Compl. ¶¶ 32-33. Thus, based on Plaintiff's own allegations, because Pope was no longer employed by Plaintiff at the time he allegedly downloaded the customer list and marketing distribution list, he no longer owed any fiduciary duties to Plaintiff and, as such, could not have breached any fiduciary duties. These claims must be dismissed. Additionally, other than the bare allegation that Plaintiff has suffered damages, Plaintiff has not alleged any facts supporting its allegation it has suffered any loss as a result of Pope's alleged fiduciary duty breaches. See Graphic Directions, 862 P.2d at 1022 (damages are necessary element of a breach of fiduciary duty claim).

## VIII.   Plaintiff's conversion claim against all Defendants must be dismissed.

Plaintiff's claims that Defendant Satcom Resources and Defendant Pope converted "sums of money that were due plaintiff under the terms of the APA" are barred by the economic loss doctrine. Conversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another. Mari v. Wagner Equip. Co., 721 P.2d 1208 (Colo. App. 1986). A party suffering only economic loss from the breach of an express or

---

[14] To recover on a claim for breach of fiduciary duty, Plaintiff must prove: (1) that Pope was acting as a fiduciary of Plaintiff; (2) that Pope breached a fiduciary duty to Plaintiff; (3) that Plaintiff incurred damages; and (4) that Pope's breach of fiduciary duty was a cause of Plaintiff's damages. Graphic Directions, Inc. v. Bush, 862 P.2d 1020, 1022 (Colo. App. 1993).

implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law. Town of Alma v. Azco Constr., Inc., 10 P.3d 1256 (Colo. 2000). Defendant Satcom Resources' obligation to pay the alleged "sums of money that were due to plaintiff" arose, if at all, under the APA. Similarly, Defendant Pope's obligation to pay those alleged sums of money arose, if at all, under the guaranty agreement he executed. Thus, the economic loss doctrine bars these common law conversion claims.

Plaintiff's conversion claim against 6Sole, Inc. must be dismissed because Plaintiff has not made any allegations that 6Sole, Inc. took or currently possesses the money allegedly due to Plaintiff. See Compl. ¶¶ 110-13.

## IX.   Plaintiff's ninth and tenth causes of action for breach of the APA and guaranty must be dismissed for failure to state a claim.

Plaintiff asserts a claim for breach of the APA against both Pope and Satcom Resources. First, Plaintiff's claim that Pope breached the APA must be dismissed because Pope was not a party to the APA. See Compl., Ex. A, APA; see also Paquet v. Smith, 854 F. Supp. 2d 1003, 1009 (D. Colo. 2012) (holding that even where defendant signed agreement in his representative capacity as manager of company, defendant was not a party to agreement and "cannot be subjected to contract terms in his individual capacity").

Additionally, Plaintiff's claim that Defendants breached the APA by "over valuing its existing inventory" and by "misrepresent[ing] its actual inventory by listing . . . products that were either missing or non-existent" should be dismissed because these claims are inconsistent with the terms of the APA. As stated above, in Section 5(f) of the APA, Plaintiff acknowledged that it conducted an independent investigation of the assets and the business and that Plaintiff relied solely on its own investigation and the warranties contained in Section 4 of the APA. Yet, Section 4 of the APA contains no warranties by Satcom Resources as to the valuation of the

CORE/3517399.0002/154513597.1

inventory. Thus, Plaintiff has not identified—and cannot identify—a term of the APA that Satcom Resources (or any other Defendant) breached. Plaintiff's breach of contract claims pertaining to the valuation and existence of inventory must be dismissed.

Moreover, pertinent to both the ninth cause of action (breach of the APA) and tenth cause of action (money due on guaranty), Plaintiff has failed to plead a condition precedent to bringing suit under either agreement. See Fed. R. Civ. P. 9(c) (pleading conditions precedent). Specifically, Section 6 of the APA contains specific indemnification procedures that must be followed before a claim may be brought (e.g., providing written notice to Satcom Resources that indemnification is sought due to an alleged breach). Compl., Ex. A, APA at § 6. Compliance with this indemnity provision is a prerequisite to bringing suit under either agreement, and Plaintiff has not pleaded compliance with this indemnity provision. Therefore, both the ninth cause of action (breach of the APA) and tenth cause of action (money due on guaranty) must be dismissed. See Danieli Corp. v. ArcelorMittal LaPlace, LLC, 2013 WL 4045632 (Del. Super. Ct. 2013) (upholding notice provision in parties' contract as condition precedent).

## X.   The claims against Defendant "Does 1-20" should be dismissed pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).

The defendants named "Does 1-20" should be dismissed as defendants in the case pursuant to Fed. R. Civ. P. 8(a) on the grounds that these persons are unknown and unknowable, and Plaintiff has not attempted to identify these individuals or serve process on them.[15] Although Plaintiff's Complaint names as defendants "Does 1-20" and vaguely describes these alleged individuals in paragraphs 5-6 of the Complaint, there is no indication that the names or identities of the "Does 1-20" defendants will ever be known, and Plaintiff has made no attempt to identify who these defendants might possibly be or what their connection to Plaintiff's allegations

[15] Please note, however, that our firm does not represent these unnamed and unidentified Does 1-20 defendants.

CORE/3517399.0002/154513597.1

allegedly is. None of the substantive allegations in the Complaint pertains to these unnamed "Does 1-20" defendants or ascribes wrongful conduct to them. Therefore, Defendants respectfully request that these unidentified, unknown defendants "Does 1-20" be dismissed for failure to satisfy the pleading requirements identified in Fed. R. Civ. P. 8(a).

Moreover, Plaintiff asserts each of the ten causes of action against these "Does 1-20" defendants, yet none of the causes of action ascribe any of the alleged wrongdoing to these unnamed, unidentified defendants. Thus, each of the ten causes of action alleged against the "Does 1-20" defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) based on Plaintiff's failure to state a claim upon which relief can be granted.

## XI.    Conclusion

For the reasons set forth herein, Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety.

Respectfully submitted this 3rd day of September, 2019.


By:  s/ Zane A. Gilmer
Zane A. Gilmer, #41602
Stinson LLP
1050 17th Street, Suite 2400
Denver, Colorado 80265
Phone: (303) 376-8400
Fax: (303) 376-8439
Email:  zane.gilmer@stinson.com
*Attorneys for Defendants*

CORE/3517399.0002/154513597.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 3, 2019, a true and correct copy of the foregoing was served electronically upon all counsel of record including the following:

Tyler J. Voboril, Esq.
Alpenglow Law, LLC
P.O. Box 1663
Edwards, Colorado 81632
(970) 306-6456
tj@alpenglowlaw.com

John S. Cha, Esq.
Nathan M. Carle Esq.
Raines Feldman LLP
18401 Von Karman Avenue, Suite 360
Irvine, California 92612
Telephone: (310) 440-4100
Facsimile: (424) 226-3014
jcha@raineslaw.com
ncarle@raineslaw.com

*Attorneys for Plaintiff Satcom Solution and Resources LLC*

*s/Amy Mercier*
Amy Mercier

16